NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GENETIC TECHNOLOGIES LIMITED,** **Plaintiff,** v. **REPROGENETICS, LLC,** **Defendants.** | Civil Action No. 2:12-cv-06052 (DMC)(JAD) **OPINION** |

DICKSON, U.S.M.J.

This matter comes before the Court upon motion by defendant Reprogenetics, LLC ("Defendant" or "Reprogenetics") to stay this matter pending reexamination by the United States Patent and Trademark Office ("PTO") of U.S. Patent No. 5,612,179 (the "'179 Patent"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Defendant's motion is **GRANTED** and this action shall be stayed pending the PTO's reexamination of the '179 Patent.

I.     BACKGROUND.

Plaintiff Genetic Technologies Limited ("Plaintiff" or "GTG") is the owner of the '179 Patent,[1] titled "Intron Sequence Analysis Method for Detection of Adjacent and Remote Locus Alleles as Haplotypes." (Compl. ¶¶ 7-8, ECF No. 1). The '179 Patent generally relates to methods of analysis of non-coding DNA sequences. (Id. at ¶ 9).

---

[1] Plaintiff alleged that it is the owner of the '179 Patent by assignment from Genetype AG, who was originally assigned the technology by the inventor Dr. Malcolm Simons, with the exclusive right to enforce and collect damages for infringement of the '179 Patent during all relevant time periods. (Compl. ¶ 8, ECF No. 1).

1

The '179 Patent has been asserted in multiple actions brought in federal courts across the country. (Compl. ¶¶ 13-16, ECF No. 1).[2] In addition, the PTO is currently conducting reexamination proceedings with respect to Claims 1-18 and 26-32 of the '179 Patent ("Reexamination"). (Opp'n Br. 2, ECF No. 21).

On December 7, 2012, Reprogenetics filed the instant motion seeking an order to stay the case pending Reexamination of the '179 patent. Defendant argued that a stay would further the interests of judicial economy and simplify the issues for trial without prejudice to Plaintiff, particularly because the patent-in-suit expired on March 9, 2012 – long before the commencement of this action. (Br. Supp. Mot. Stay 1, ECF No. 11-1). Defendant contended that Plaintiff stipulated to exactly such a stay in at least four other concurrently pending infringement actions concerning the same patent. (Id.). In response, Plaintiff argued that the posture of the instant matter differs from those matters in which it stipulated to a stay, most significantly because the PTO recently confirmed that Claims 2, 4-6, 10-12, 17 and 18 are patentable. (Opp. Br. 3, ECF No. 21). Thus, Plaintiff argued that a stay would not simplify the issues for trial because it will assert that Defendant infringed, at least, Claim 10, which the PTO confirmed as patentable. (Id.). In addition, Plaintiff argued that the final outcome of Reexamination would likely be known during the very initial stages of the litigation and, therefore, a stay would not conserve judicial resources because any outstanding questions would be determined early on in the litigation. (Id. at 4).

---

[2] For example, the '179 Patent was asserted in the matter <u>Genetic Technologies Limited v. Agilent Technologies, Inc., et al.</u>, Case No. 110cv-01389-WJM-KLM in the United States District Court for the District of Colorado (the "Colorado Action"). (Compl. ¶¶ 13-16, ECF No. 1).[2] The Colorado Action was ultimately severed into individual actions and transferred to the District of Delaware, the Northern District of California, the District of Nebraska, the District of Connecticut, and the Middle District of North Carolina. (Opp. Br. 2, ECF No. 21).

II.  **LEGAL STANDARD.**

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Thus, the decision to stay a patent case in which a there is a pending reexamination proceeding by the PTO is within the sound discretion of the district court. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

Courts in this District have recognized that there are both advantages and disadvantages associated with staying a matter pending a reexamination by the PTO. See Genetic Techs. Ltd. v. Med. Diagnostic Labs., LLC, No. 12-6053, 2013 WL 204718, *1 (Jan. 17, 2013) (citations omitted). Advantages include:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent by found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

Id. (citing Eberle v. Harris, No. 03–5809, 2005 WL 6192865, *2 (D.N.J. Dec. 8, 2005); (GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 63 (D.N.J. 1992)). With respect to disadvantages, a major concern is delay. See Eberle v. Harris, No. 03–5809, 2005 WL 6192865, *2 (D.N.J. Dec. 8, 2005) ("[A] stay in litigation inevitably causes further delay in an already

lengthy process and could potentially harm [the party opposing the stay]. [The opposing party] ha[s] a right to have their day in court, and more and more in American jurisprudence the goal is to have that day sooner rather than later."). Nevertheless, while courts balance the costs and benefits associated with staying a matter pending reexamination of a patent by the PTO, "courts have noted that granting a stay pending reexamination is favored." Id. (quoting ICI Uniqema, Inc. v. Kobo Products, Inc., No. 06–2943, 2009 WL 4034829, *1 (D.N.J. Nov. 20, 2009)).

In determining whether a stay is appropriate, courts must consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Eberle v. Harris, , 2005 WL 6192865 at *2 (citing Xerox Corp. v. 3 Comm Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

III. **ANALYSIS.**

This District recently granted a request to stay an action pending reexamination by the PTO that was brought in an action alleging infringement on the same patent, albeit by a different defendant, on January 17, 2013 in the matter of Genetic Techs. Ltd. v. Med. Diagnostic Labs., LLC, No. 12-6053, 2013 WL 204718, *1 (Jan. 17, 2013) ("Genetic Techs. Ltd v. Med. Diagnostic Labs"). The facts and procedural posture of Genetic Techs. Ltd v. Med. Diagnostic Labs are nearly identical to the instant matter. As such, this Court, in finding that Defendant's motion to stay should be granted, adopts much of the reasoning, and ultimately the same result, as set forth in the Court's Opinion in Genetic Techs. Ltd v. Med. Diagnostic Labs.

### A. A stay will not prejudice or disadvantage the Plaintiff.

Plaintiff argued that there is a clear tactical disadvantage to it if the stay is granted. In support of this contention, Plaintiff noted that it commenced fourteen other cases across the country that were purposefully "staggered" in such a way as to "effectively manage [GTG's] resources and avoid excessive burdens upon itself." (Opp'n Br. 6-7, ECF No. 21). Plaintiff argued that a stay in this case would burden it as to the other fourteen cases, only four of which are presently stayed. (Id.). In contrast, Defendant argued that it was Plaintiff itself that chose to file such a large number of actions concurrently. (Reply Br. 2, ECF No. 22). As such, "GTG is not entitled to subvert the well-established test governing the grant of a stay pending reexamination in the name of 'avoiding excessive burdens upon itself.'" (Id. at 3). Moreover, Defendant argued that at the time this action was filed, Plaintiff knew or should have known that the PTO had commenced the Reexamination of the '179 patent (Id. at 2).. Additionally, Defendant noted that the '179 patent expired, eliminating any continuing injury to Plaintiff. (Moving Br. 5, ECF No. 11-1). Therefore, Defendant argued that the imposition of a stay is strongly favored in this case.

This Court, as in Genetic Techs. Ltd v. Med. Diagnostic Labs., finds that the entry of a stay in this matter will not unduly prejudice Plaintiff or place it at a clear tactical disadvantage in this litigation. First, the delay inherent in the reexamination process is itself insufficient to establish undue prejudice. Oy Ajat, Ltd. v. Vatech Am., Inc., No. 10–4875(PGS), 2012 WL 1067900, *21 (D.N.J. March 29, 2012); Brass Smith, LLC v. RPI Indus., Inc., No. 09–634, 2010 WL 4444717, *4 (D.N.J. Nov. 1, 2010); ICI Uniqema, 2009 WL 4034829, at *2. Second, Plaintiff's proffered justification that it would be prejudiced in the other fourteen cases by a stay in this one is without merit. As noted by both parties, four of Plaintiff's other cases have already

been stayed with the consent of Plaintiff, and the Court finds that a stay at the early juncture in this case is not prejudicial to Plaintiff. Lastly, both parties acknowledge that the '179 patent in question has expired and that, therefore, no additional damages can be incurred from current or future infringement from same. Moreover, the Court finds no undue delay, for the stay is likely to be a short one. Both parties have noted the speed with which the Reexamination proceeds. GTG's argument for the possibility of mootness, should the Reexamination be decided prior to a stay being imposed, is unpersuasive. The Court finds that no prejudice will result from the imposition of a stay, even one potentially so temporary as to be considered moot.

B. A stay will simplify the issues for trial and conserve judicial resources.

Plaintiff argued that staying this matter will not simplify the disputed issues presented in this litigation. Contrary to Plaintiff's arguments, this Court finds that simplification may occur even where, as here, it appears unlikely that all of the claims of the patent subject to reexamination will be rejected. Generally, "[t]he reexamination proceedings will eliminate, narrow, or clarify key disputed issues in th[e] litigation." ICI Uniqema, 2009 WL 4034829, at *5. Moreover, this Court has held that "granting a stay is favored and is particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination." Oy Ajat, 2012 WL 1067900, at *8. The Court finds that the issues will be narrowed upon resolution of the Reexamination.

C. A stay is warranted based upon the stage of this litigation.

As this Court has explained:

> One of the most critical factors in determining whether to stay litigation pending the outcome of a reexamination proceeding is the stage of the litigation. Courts stress the importance of the stay being sought early in the litigation… Requesting a stay early also decreases the likelihood of prejudice to the nonmoving party.

<u>Sabert Corp. v. Waddington N. Am., Inc.</u>, No. 06-5423, 2007 WL 2705157 (D.N.J. Sept. 14, 2007).

    Here, as in <u>Sabert</u>, the action is in its initial stages. Specifically, "[t]his Court has not held an initial case management conference; the parties have not exchanged infringement or validity contentions; and the parties have not served discovery requests or taken depositions." (Moving Br. 6, ECF No. 11-1). Additionally, no pretrial or trial dates have been set. (<u>Id</u>.). Therefore, an examination of the circumstances surrounding this action advises that a stay of the proceedings is appropriate. The delay caused by the stay may prejudice Plaintiff. That prejudice is outweighed by the benefits that may be gained by awaiting the determination of the reexamination. The stay will likely narrow or clarify the issues before this Court. Finally, the stay has been requested early in the proceedings, which avoids any discovery or trial complications that might arise based on a later request.

    Plaintiff does not, and in fact cannot, dispute that this case is in its infancy. Plaintiff does, however, argue that it expects "an Office Action or Notice of Intent to Issue a Reexamination Certificate" from the Examiner by "mid March 2013" and that, therefore, a stay is not warranted at this juncture, as it could possibly be moot. (Opp'n Br. 5, ECF No. 22). However, the Court is not persuaded by this reasoning. Indeed, such a brief stay weighs in favor of imposition, as there is even less chance of undue delay. Therefore, the Court finds that the very early stage of these proceedings strongly favors granting a stay in this matter.

## IV.   CONCLUSION.

For the foregoing reasons, Defendant's motion to stay this matter pending the PTO's reexamination of the 179 Patent is hereby **granted**.

SO ORDERED

_____
Joseph A. Dickson, U.S.M.J.

cc.   Honorable Dennis M. Cavanaugh, U.S.D.J.